IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

No. 7:17-CV-00006-BO

R. Alexander Acosta,[1]

    Plaintiff,

v.

Nichols Food Service, Inc., et al.,

    Defendants.

**Memorandum & Recommendation**

    The Secretary of Labor instituted this action in January 2017 and named James L. Nichols and several corporate entities as defendants. D.E. 1. On May 1, 2017, Nichols filed an Answer on behalf of himself and the Corporate Defendants. D.E. 10. The court notified Nichols that he could not represent the Corporate Defendants because he was not a licensed attorney. D.E. 11. The court's notice informed Nichols that the failure to have an attorney appear on behalf of the Corporate Defendants by October 20, 2017, may result in the striking of the corporate defendants' answer and the entry of a default and default judgment. *Id.*

    After the deadline passed without an attorney appearing on behalf of the Corporate Defendants, the court issued an order requiring Nichols to show cause why the court should not strike the Corporate Defendants' Answer. The court held a hearing on the show cause order on November 20, 2017. Nichols and counsel for the Government appeared at the hearing. Nichols explained that the Corporate Defendants no longer had any assets and, thus, could not retain counsel.

---

[1] R. Alexander Acosta became the United States Secretary of Labor on April 27, 2017. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, he is automatically substituted as the Plaintiff in this case.

In light of the failure of counsel to appear on behalf of the Corporate Defendants and Nichols' inability to represent them in federal court, it is recommended that the district court strike the Corporate Defendants' Answer. *See Peak Resorts, LLC* v. *Ski the Ridges, LLC*, No. 1:14-CV-55, 2014 WL 4351621, at *1 (W.D.N.C. July 7, 2014) (noting that "federal district courts routinely dismiss 2 claims brought by corporate parties who fail to obtain counsel or enter default against corporate defendants who fail to obtain counsel"), *adopted by* 2014 WL 4351623, at *1 (W.D.N.C. Aug. 29, 2014); *Synergy Fin., LLC* v. *Zarro*, 329 F. Supp. 2d 701, 703 n.1 (W.D.N.C. 2004) (noting that the failure of corporate defendants to retain counsel would result in an entry of default); *Microsoft Corp.* v. *Comput. Serv. & Repair, Inc.*, 312 F. Supp. 2d 779, 782 (E.D.N.C. 2004) (striking pleadings pro se defendant filed on behalf of himself and corporation).

Furthermore, the court directs that the Clerk of Court serve a copy of this Memorandum and Recommendation on each of the parties or, if represented, their counsel. Each party shall have until 14 days after service of the Memorandum and Recommendation on the party to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding**

**district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright* v. *Collins*, **766 F.2d 841, 846-47 (4th Cir. 1985).**

Dated: November 21, 2017

*Robert T. Numbers II*
_____
Robert T. Numbers, II
United States Magistrate Judge